UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21567-CIV-KING-GARBER

UNITED STATES AVIATION
UNDERWRITERS, INC.,
a New York corporation, individually
and on behalf of United States Aircraft
Insurance Group,

    Plaintiff,

v.

IBERIA LINEAS AEREAS
DE ESPANA, S.A., a/k/a
IBERIA AIRLINES OF SPAIN,
a Spanish entity, and
DOES 1-25, Inclusive,

    Defendants.
_____/

**FINAL ORDER OF DISMISSAL FOR *FORUM NON CONVENIENS***

THIS CAUSE comes before the Court upon the Motion to Dismiss filed July 19, 2006 by Defendant, Iberia Lineas Aereas De Espana, S.A, ("Iberia") for *forum non conveniens* (DE #7).

### I. Background

A Gulfstream G-V corporate jet was substantially damaged while parked at the Madrid, Barajas Airport in Spain by a motor vehicle owned and operated by Defendant Iberia Airlines on November 17, 2003. Plaintiff, United States Aviation Underwriters, Inc. ("USAU"), the insurer of the aircraft, investigated and paid $359,000 to Toyota

Motor Sales USA, Inc., the owner and operator of the corporate jet and Plaintiff's insured. USAU filed this suit in subrogation to recover the sums it had paid to Toyota as the costs of repairing damages caused through the negligence of Iberia's employees in colliding with the left wing of Toyota's corporate jet.

The Defendant seeks dismissal upon the doctrine of *forum non conveniens* since, neither party is a Florida resident; there are no witnesses in Florida; the alleged negligence did not take place in Florida; and Spanish law applies to this case. Repairs to the plane took place in Madrid, London, and finally in the United States (Georgia).

## II. Legal Standard for *Forum Non Conveniens*

Although the trial court should give deference to the plaintiff's choice, when trial in the chosen forum would "'establish... oppressiveness and vexation to a defendant... out of all proportion to plaintiff's convenience,' or when the 'chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems,' the court may, in the exercise of its sound discretion, dismiss the case." *Piper Aircraft Co. v. Hartzell Propeller, Inc.*, 454 U.S. 235, 241 (1981). First, the trial court must determine there is an adequate alternative forum. *Id*. This requirement is ordinarily satisfied when the defendant is amenable to process in the other jurisdiction. *Id*. at 254.[2] Then, the court should balance the relevant public and private interest factors to determine whether to dismiss the case. *Id.* at 241.

The private interest considerations include: the relative ease of access to sources of proof; availability of compulsory process for attendance of the unwilling and the cost of

2

obtaining attendance of the willing witnesses; possibility of view of the premises, if appropriate; whether the judgment is enforceable, and all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947). The public interest factors are the administrative difficulties for the courts when litigation is not handled at its origin, including: court congestion; the imposition of jury duty on a community that has no relation to the litigation; the local interest in deciding localized controversies at home, and the difficulties of applying foreign law. *Id*. In balancing these factors, the court will weigh the advantages and obstacles to a fair trial. *Id*.

### III. Analysis

**A. Defendant Argues that Spain is the More Convenient Forum**

The first prong of the analysis is whether Spain, the site of the incident, provides an adequate alternative forum for this dispute. Spain does provide an adequate forum. The Spanish legal system allows parties access to evidence, access to view of relevant sites and access to witnesses, including compulsory process (Vinaixa Decl at 2). Iberia is a Spanish entity and thus amenable to process in Spain (Vinaixa Declaration at 2). Spain is therefore an adequate alternative forum, and so the Court moves on to the second prong of the analysis, balancing the private and public factors to decide whether the case should be dismissed on the basis of inconvenience.

**1. Private Interest Factors**

The first consideration is the relative ease of access to sources of proof in Florida and Spain.  The access to sources of proof is much more convenient in Spain than in Florida.  The accident itself took place in Spain.  The known witnesses to the accident are in Spain, including the driver of the vehicle that hit the airplane and other potential witnesses who work at the airport (Vinaixa Decl at 2).  Some of the witnesses speak only Spanish.  There are no witnesses located in Florida (Defendant's Reply at 6).  There are documents in Spanish  (Defendant's Reply at 6).  A view of the premises is also more convenient in Spain, where the incident occurred.   Some of the repairs to the aircraft took place in Spain, with additional repairs in London and finally in Georgia.  None of the repairs to the aircraft took place in Florida (Defendant's Reply at 6).  None of the witnesses or documents therefore, have any connection to Florida, and so access to sources of proof is more convenient in Spain.

**2. Public Interest Factors**

The public interest factors weigh heavily in favor of Spain. Neither Plaintiff nor Defendant is a citizen of Florida; the incident did not happen in Florida; and Florida does not have an interest in litigating a dispute between a New York corporation and a Spanish corporation.  (Defendant's Motion at 9).  The Florida courts therefore have no reason to expend scare judicial resources, burden the courts and local jurors for a controversy that has no connection to Florida.  Spain does have an interest in deciding a localized controversy at home, and is equally, if not better equipped to interpret and apply the law

of Spain. The public interest factors therefore weigh heavily in favor of Spain as a forum.

**B. Plaintiffs Rely on an Inapposite Case**

Plaintiff cites a recent case in this district, *Ward v. Kerzner International Hotels, Ltd.*, 2005 WL 2456191 (S.D. Fla. Civil No. 03-23087) denying dismissal on *forum non conveniens*. This case is distinguished on the dissimilarity of facts. In *Ward*, the plaintiff, a United States citizen and resident of Georgia, filed a negligence action against his hotel, a Bahamian corporation with offices in South Florida, for an injury causing accident that occurred while he was staying in the Bahamas. The defendant hotel moved to dismiss for *forum non conveniens*, alleging that South Florida was an inconvenient forum and that the case ought to be tried in the Bahamas. *Ward*, 2005 WL 2456191 (S.D. Fla. Civil No. 03-23087)  at 1-2. The court held that the case should not be dismissed. Among the private interest factors weighed in the court's analysis, the court noted that one of the eyewitnesses to the accident was a resident of Florida. *Id*. at 3.  The plaintiff's medical and employment records were also at issue, and they were not in the Bahamas. *Id*. Although some of the eyewitnesses lived in the Bahamas, the court noted that  "in light of [the hotel]'s proximity to South Florida, and the ease and frequency of travel between the two locations" transporting Bahamas residents to South Florida for litigation would not be difficult. *Id.* The plaintiff also was already in possession of the documents generated in connection with the accident. The Bahamian treatment reports, photographs of his injuries, and photographs of the scene were all in his possession in Florida. *Id*.

The court also weighed the public interest factors. The court found that although the Bahamas had a stake in the controversy, the United States also had an interest in the litigation between a United States citizen and a Bahama corporation that conducted "continuous and systematic" business in the United States through its South Florida office. *Id*. at 1, 5. The court also reasoned that there would not be much difficulty applying Bahamian law, noting that "there are no language barriers to the court's understanding of Bahamian law, and Bahamian law is derived from English common law and is similar to Florida law... the Bahamian law on negligence and premises liability is essentially the same as that of the State of Florida. *Id*. Weighing all these factors together, the court reasoned that South Florida was not so much more inconvenient a forum that the case ought to be dismissed.

The Southern District of Florida was a much more convenient forum in *Ward* than it is in the instant case. The private interest factors weigh more heavily against Florida in the instant case than they did in *Ward*. In *Ward* an eyewitness to the accident resided in Florida. In the instant case, no eyewitnesses to the accident reside in Florida. The inconvenience involved for a Spanish corporation to try a case in South Florida is also much greater than for a Bahamian corporation with multiple offices in South Florida. Spain is a considerable distance from the Southern District of Florida. However, South Florida is in easy proximity to the Bahamas, and travel between the two is frequent, weakening the argument that a Bahamian corporation would find trying a case in South Florida overly burdensome. In *Ward,* the Bahamas were so close to Miami that flying all

the parties involved to Miami was not much more inconvenient than flying all American residents to the Bahamas.  The public interest factors also weighed less heavily against South Florida in *Ward*.  The Florida courts do have an interest in litigating disputes between United States citizens and corporations with affiliates and offices in South Florida.  Tourism between South Florida and the Bahamas is frequent and Florida courts have an interest in protecting United States citizens from injuries caused by international hotel chains that actively solicit business in South Florida.  In addition, the burden on the court in interpreting Bahamian law is not as great as the burden of applying Spanish law.  Bahamian law is derived from English common law and is very similar to Florida law, whereas Spanish law is derived from European Continental law.  The facts of the *Ward* case are not similar, in any respect, to the facts of this case.  The only similarity between the two cases is that they both involve motions to dismiss for forum non conveniens.  The factors relied upon by the District Judge to deny the motion and retain jurisdiction in *Ward* are not present in this case.  Therefore, after weighing all relevant considerations, the Court shall exercise its discretion to dismiss the above styled case for *forum non conveniens*.

## IV. Conclusion

The Court finds that Defendant has demonstrated that this case has no connection to Florida and therefore should be tried in Spain.  No witnesses reside in Florida and the accident took place in Spain.  Spain is an adequate alternative forum.  Therefore, the Court finds that the case should be dismissed on the grounds of *forum non conveniens.*

Accordingly, after a careful review of the record and being otherwise fully advised, it is therefore,

ORDERED, ADJUDGED and DECREED that Defendant's Motion To Dismiss be, and the same is hereby, GRANTED with prejudice.

DONE AND ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 12th day of October, 2006.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: ***Counsel for Plaintiff:***
Francis A. Anania, Esq.
ANANIA, BANDKLAYDER, BLACKWELL,
 BAUMGARTEN, TORRICELLA & STEIN
4300 Bank of America Tower
100 Southeast Second Street
Miami, FL 33131
Facsimile: (305) 373-6914

Jon A. Kodani, Esq.
Jeffrey J. Williams, Esq.
LAW OFFICES OF JON A. KODANI
2200 Michigan Avenue
Santa Monica, CA 90404
Facsimile: (310) 829-3340

***Counsel for Defendant:***
George Volsky, Esq.
Susan Nadler Eisenberg, Esq.
Akerman Senterfitt
Suntrust International Center
1 S.E. Third Avenue, 28th Floor
Miami, FL 33131
Facsimile: (305) 374-5095